UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAIME MORALES,    Case No.:

    Plaintiff,

v.

SIX CONTINENTS HOTELS, INC., d/b/a
INTERCONTINENTAL MIAMI, a Foreign Profit
Corporation,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendant, Six Continents Hotels, Inc. ("Six Continents"), hereby removes the above-captioned matter from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court.[1] In support, Six Continents states:

**The Removed Case**

1. The underlying action was initially filed on or about February 12, 2019, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and is captioned *Morales v. Six Continents Hotels, Inc.*, Case No. 19-004590-CA-25 (Fla. 11th Jud. Cir.).

2. As required by 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served on Six Continents in the removed action are attached here as **Exhibit A**.

---

[1] By removing to this Court, Six Continents expressly preserves and reserves all defenses otherwise available to it. *See, e.g.*, *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 674 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses[.]").

### Removal Is Timely

3. Six Continents was first served in connection with this lawsuit on March 14, 2019. This Notice of Removal is filed within thirty (30) days of the date of service; therefore, the Notice is timely pursuant to 28 U.S.C §1446(b). *See Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 810 (11th Cir. 2012) ("each defendant has thirty days from the date of formal service of process to file a notice of removal"); *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008) ("We hereby adopt the last-served defendant rule, which permits each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b)."); *Hand v. Cargill Fertilizer, Inc.*, 157 F. App'x 230, 232-33 (11th Cir. 2005) ("Because [the defendant] filed the notice of removal within 30 days of [its] receipt of the summons and complaint, the notice of removal was timely under section 1446(b).").

### Venue Is Proper in This Court

4. This Court is the United States District Court for the district and division in which the removed state-court action is pending. Accordingly, this Court is the appropriate venue for filing this Notice of Removal under 28 U.S.C. § 1446(a).

### Diversity of Citizenship Exists Among the Parties

5. This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court under 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship.

6. Plaintiff, Jaime Morales, is a Florida domiciliary. *See* **Ex. A**, Compl., ¶2 ("At all times material hereto, Plaintiff, MORALES, was and is a resident of Miami-Dade County, Florida."); **Ex. B**, property, voting, and vehicle records of Plaintiff; *see also, e.g.*, *Smyth v. Hillstone Rest. Grp., Inc.*, No. 13-80217, 2013 U.S. Dist. LEXIS 68408, at *5 (S.D. Fla. May 14,

2013) (proof of Florida domicile may include, *inter alia*, voter registration, home address, driver's license, and automobile registration); *Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, at *9 (S.D. Fla. July 17, 2017) (explaining that "a party's residence is *prima facie* evidence of a party's domicile" and providing that "[f]actors frequently taken into account when assessing the domicile of a party include, *inter alia*: "the party's current residence," "license and automobile registration," and "situs of personal and real property").

7. Defendant is a foreign corporation organized under the laws of Delaware with its principal place of business in Atlanta, Georgia. *See* Declaration of Mauricio Ferreira, attached as **Ex. C,** ¶4. *See also* **Ex. A**, Compl., ¶3 (alleging that Six Continents is a foreign corporation with its principal place of business in Atlanta, Georgia); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-97 (2010) (explaining that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business" and holding that a corporation's "principal place of business" is its "nerve center").

8. Six Continents thus is not domiciled in Florida. Accordingly, because Plaintiff and Defendant are domiciliaries of different states, complete diversity exists under 28 U.S.C. § 1332. This Court, therefore, has original jurisdiction.

## The Amount in Controversy Has Been Satisfied

9. While Plaintiff has indicated that his damages exceed $15,000, his complaint does not specify a precise amount of damages sought. *See* **Ex. A**, Compl., ¶1.

10. That said, Plaintiff's pre-suit demand letter requests sums that greatly exceed $75,000 based on Plaintiff's alleged severe injuries, medical bills, lost earnings, and pain and

suffering. *See generally* **Ex. D**.[2] Plaintiff also attached a sample of his medical records to his demand letter, which Six Continents will seek leave to file with this Court under seal. As such, the demand letter, in combination with the Complaint and medical records, are sufficient to demonstrate that the claimed amount in controversy exceeds $75,000:

- *See, e.g.*, *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (amount in controversy satisfied where the plaintiff alleged in a pre-suit demand letter that it would "suffer hundreds of thousands of dollars in damages and potentially millions of dollars of damages");

- *Wilson v. Target Corp.*, No. 10-80451-CIV, 2010 U.S. Dist. LEXIS 96399, at *8-10, 2010 WL 3632794, at *4 (S.D. Fla. Sept. 14, 2010) (holding that detailed pre-suit demand letter that delineated the extent of alleged injuries, physicians who had treated plaintiff, and medical care received was evidence that claimed damages would exceed $75,000);

- *Henkle v. Cumberland Farms, Inc.*, No. 16-14248-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 194292, at *4-5 (S.D. Fla. Aug. 19, 2016) ("[L]etters and facts in a pre-suit demand letter are permissible evidence for the Court to consider when evaluating the amount in controversy…. I find that the detail provided in Plaintiffs' Demand Letter shows an honest valuation by Plaintiffs of the damages that they seek to recover in this case." (collecting cases; internal citations omitted)); and

- *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, at *15 (S.D. Fla. June 1, 2009) ("The Court concludes that Defendant has met its jurisdictional

---

[2] Six Continents has included Plaintiff's demand letter here as **Exhibit D**. However, Six Continents will contemporaneously move for leave to file Plaintiff's medical records under seal given the confidentiality concerns and protections generally associated with medical records.

burden of establishing the amount in controversy based on information received from Plaintiffs in the pre-suit demand package. In the present case, the Court is persuaded that the pre-suit demand package reflects an honest assessment of damages by Plaintiffs because it is based on medical records provided by the Plaintiff.").

11. Upon review of Plaintiff's demand letter, the letter's attachments, and the Complaint, common sense dictates that the amount sought here far exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)"). Although Six Continents denies Plaintiff's claims, Six Continents believes, in good faith, that more than $75,000 is in controversy. Therefore, 28 U.S.C. § 1332(a)'s amount-in-controversy requirement has been met.

### **Filing of Removal Papers**

12. Under 28 U.S.C. § 1446(d), contemporaneous to the removal of this action, Six Continents has provided written notice of removal to Plaintiff's counsel and has filed a Notice of Filing the Notice of Removal with the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A true and correct copy of the Notice of Filing the Notice of Removal is attached as **Exhibit E**.

### **CONCLUSION**

WHEREFORE, Defendant, Six Continents Hotels, Inc., respectfully removes this action from the Eleventh Judicial Circuit for Miami-Dade County, Florida, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446. Should any question arise as to the propriety of this removal, Six Continents respectfully requests an opportunity to provide further briefing and oral argument.

**CERTIFICATE OF SERVICE**

I CERTIFY that on March 29, 2019, I e-filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Defendant*
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
Telephone: 786.353.0210
Facsimile: 786.513.2249

BY: */s/ David L. Luck*
BRADLEY A. SIGNER
FBN 1010872
bradley.singer@lewisbrisbois.com
DAVID L. LUCK
david.luck@lewisbrisbois.com
FBN 041379
JENNA L. FISCHMAN
jenna.fischman@lewisbrisbois.com
FBN 99400

## **SERVICE LIST**

Kent Burlington, Esq.
Judd G. Rosen, Esq.
GOLDBERG & ROSEN, P.A.
1111 Brickell Avenue
Suite 2180
Miami, Florida 33131
Tel. (305) 374-4200
Fax. (305) 374-8024
pleadings@goldbergandrosen.com
kent@goldbergandrosen.com
judd@goldbergandrose.com