# EXHIBIT A

lerk's Home (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)

 

# Miami-Dade County Civil, Family and Probate Courts Online System

◄◄ Back to Search

## JAIME MORALES VS SIX CONTINENTS HOTELS, INC.

**Local Case Number:** 2019-004590-CA-01

**Filing Date:** 02/12/2019

**State Case Number:** 132019CA004590000001

**Case Type:** Comm Premises Liability

**Consolidated Case No.:** N/A

**Judicial Section:** CA25

**Case Status:** OPEN

### 👥 Parties
Number of Parties: 3 ➕

### 🔧 Hearing Details
Number of Hearing: 0 ➕

### 📶 Dockets
Dockets Retrieved: 10 ➖

Export to ▾

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 9 | 03/13/2019 | | Notice: | Event | **OF WORKERS' COMPENSATION ETC** |
| | | 03/13/2019 | | 20 Day Summons Issued | Service | |
| | 8 | 03/12/2019 | | Receipt: | Event | **RECEIPT#:3450038 AMT PAID:$10.00 NAME:BURLINGTON, KENT J., ESQ GOLDBERG & ROSEN, P.A. 1111 BRICKELL AVENUE, SUITE MIAMI FL 33131 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING A** |
| 📄 | 7 | 03/11/2019 | | ESummons 20 Day Issued | Event | *Parties: Six Continents Hotels Inc.* |
| 📄 | 6 | 03/04/2019 | | (A) 20 Day (C) Summons (Sub) Received | Event | |
| | 5 | 02/20/2019 | | Receipt: | Event | **RECEIPT#:3470120 AMT PAID:$401.00 NAME:BURLINGTON, KENT J., ESQ GOLDBERG & ROSEN, P.A. 1111 BRICKELL AVENUE, SUITE MIAMI FL 33131 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING** |
| 📄 | 4 | 02/12/2019 | | Request for Production | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 3 | 02/12/2019 | | Notice of Interrogatory | Event | |
| 📄 | 2 | 02/12/2019 | | Complaint | Event | |
| 📄 | 1 | 02/12/2019 | | Civil Cover | Event | |

**◀◀ Back to Search**

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: http://www.miamidade.gov/info/disclaimer.asp (http://www.miamidade.gov/info/disclaimer.asp)

Email (https://miamidadecounty.co1.qualtrics.com/SE/?SID=SV_bDvccbiqJBvQ2LH) |
Login (/PremierServices/login.aspx?ReturnUrl=https://www2.miami-dadeclerk.com/ocs/Search.aspx)
Clerk's Home (http://www.miami-dadeclerk.com/home.asp) |
Privacy Statement (http://www.miamidade.gov/info/privacy_and_security.asp) |
Disclaimer (http://www.miamidade.gov/info/disclaimer.asp) |
Contact Us (http://www.miami-dadeclerk.com/contact.asp) |
About Us (http://www.miami-dadeclerk.com/about.asp)

MIAMI-DADE COUNTY (http://www.miamidade.gov)

2015 Clerk of the Courts. All Rights reserved.

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Jaime Morales</u>
Plaintiff

vs.

<u>Six Continents Hotels, Inc.</u>
Defendant

**II.    TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☒ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
   ☒  Monetary;
   ☐  Non-monetary declaratory or injunctive relief;
   ☐  Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (     )**
   (Specify)

   1

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐  Yes
   ☒  No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒  No
   ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒  Yes
   ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Kent James Burlington       FL Bar No.: 1010373
          Attorney or party                                    (Bar number, if attorney)

   Kent James Burlington          02/12/2019
      (Type or print name)                      Date



**null / ALL**
**Transmittal Number: 19502012**
**Date Processed: 03/15/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Meg Gleason<br>IHG<br>3 Ravinia Dr<br>Ste 100<br>Atlanta, GA 30346-2121 |
| **Electronic copy provided to:** | Karan Morrow |

| | |
|---|---|
| **Entity:** | Six Continents Hotels, Inc.<br>Entity ID Number  3765293 |
| **Entity Served:** | Six Continents Hotels, Inc. |
| **Title of Action:** | Jaime Morales vs. Six Continents Hotels, Inc. d/b/a Intercontinental Miami |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Miami-Dade County Circuit Court, FL |
| **Case/Reference No:** | 19-004590 CA 25 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 03/14/2019 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Kent Burlington<br>305-374-4200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Filing # 85800042 E-Filed 03/04/2019 12:03:29 PM

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☐ CIVIL   ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>19-004590 CA 01 |
|---|---|---|
| PLAINTIFF(S)<br><br>Jaime Morales | VS.  DEFENDANT(S)<br><br>Six Continents Hotels, Inc. | SERVICE<br>JP298<br>MAR 1 4 2019<br>12pm |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s) Six Continents Hotels, Inc.

Corporation Service Company

1201 Hays Street

Tallahassee, Florida 32301

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: Judd G. Rosen, Esq.

whose address is: GOLDBERG & ROSEN, P.A.; 1111 Brickell Avenue, Suite
2180, Miami, FL 33131; Telephone: (305) 374-4200; E-Mail:
pleadings@goldbergandrosen.com;

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,
or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.
When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| HARVEY RUVIN<br><br>CLERK of COURTS | *Sec Bauer* 307985<br><br>DEPUTY CLERK | DATE<br><br>3/11/2019 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of certain
assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson
E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone
(305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your
scheduled court appearance, or immediately upon receiving this notification if the time
before the scheduled appearance is less than 7 days; if you are hearing or voice impaired,
call 711."**

CLK/CT. 314 Rev. 02/16                                                   Clerk's web address: www.miami-dadeclerk.com

Filing # 84802349 E-Filed 02/12/2019 02:43:09 PM

|  |  |
|---|---|
| JAIME MORALES, an individual, | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA |

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JAIME MORALES, an individual,

GENERAL JURISDICTION DIVISION

     Plaintiff,

CASE NO.: 19-004590 CA 25

vs.

SIX CONTINENTS HOTELS, INC.
d/b/a INTERCONTINENTAL MIAMI,
a Foreign Profit Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, JAIME MORALES (hereinafter referred to as "MORALES"), by and through the undersigned counsel, and hereby sues the Defendant, SIX CONTINENTS HOTELS, INC., d/b/a INTERCONTINENTAL MIAMI (hereinafter referred to as "INTERCONTINENTAL"), and alleges the following:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

2. At all times material hereto, Plaintiff, MORALES, was and is a resident of Miami-Dade County, Florida.

3. At all times material hereto, Defendant, INTERCONTINENTAL, was and is a Foreign Profit Corporation duly authorized to do business and doing business in the state of Florida, including Miami-Dade County. Defendant maintains its principal address at Three Ravinia Drive, Suite 100, Atlanta, GA 30346.

4. The tortious events giving rise to this action occurred in Miami-Dade County, Florida, establishing proper venue in the 11th Judicial Circuit in and for Miami-Dade County.

5.  At all times material hereto, Defendant, INTERCONTINENTAL, owned and operated a hotel, "InterContinental Miami" located at 100 Chopin Plaza, Miami, FL 33131.

6.  On October 11, 2016, Plaintiff, MORALES, was a business invitee at Defendant's hotel premises at the above stated location.

7.  At said place and time, Plaintiff was on the INTERCONTINENTAL premises performing recycling duties for a third party whom he worked for.

8.  While performing his recycling duties at Defendant's hotel premises, a defective and unmaintained trap door on the recycling chute slid open and fell on Plaintiff causing serious and permanent injuries necessitating surgery.

9.  The above-described defective and unmaintained trap door constituted a dangerous condition on Defendant's premises, of which Defendant knew or should have known through the exercise of ordinary, reasonable care.

10. At all times material hereto, and at the time of Plaintiff's incident, the aforesaid dangerous condition was unmarked, without any warnings or signs. Plaintiff did not have notice of said condition.

11. As a direct result of the trap door falling on him, Plaintiff sustained serious and permanent bodily injuries.

## COUNT I – NEGLIGENCE

Plaintiff realleges and readopts paragraphs one through eleven (11) as if fully set forth herein.

12. At all times material hereto, Plaintiff was a business invitee lawfully on the premises of the Defendant, INTERCONTINENTAL.

13. At all times material hereto, Defendant, INTERCONTINENTAL, had a duty to maintain its premises in a reasonably safe condition, so as to not expose invitees to an unreasonable risk of physical harm.

14. At all times material hereto, Defendant, INTERCONTINENTAL, had a duty to exercise reasonable care in maintaining its premises in a reasonably safe condition, including performing routine inspections of its premises to detect and make safe dangerous conditions and hazards.

15. At all times material hereto, Defendant, INTERCONTINENTAL, had a duty to exercise reasonable care and diligence to conduct operations on the subject premises in a reasonably safe manner, so as not to expose invitees to an unreasonable risk of physical harm.

16. At all times material hereto, Defendant, INTERCONTINENTAL, had a duty to provide competent and adequate staffing throughout its premises to maintain the premises in a reasonably safe condition free of foreseeable dangers and hazards, including a defective, unmaintained trap door of the recycling chute.

17. At all times material hereto, Defendant, INTERCONTINENTAL, had a duty to take reasonable steps to detect and make safe any nonobvious, dangerous conditions and hazards, including a defective and unmaintained trap door of the recycling chute.

18. At all times material hereto, Defendant, INTERCONTINENTAL, had a duty to implement adequate policies and procedures for detecting and making safe dangerous conditions and hazards, including the dangerous, defective and unmaintained trap door of the recycling chute.

19. At all times material hereto, Defendant, INTERCONTINENTAL, had a duty to warn invitees, including Plaintiff, of nonobvious dangerous conditions and hazards on its premises, such as by placing adequate markings and/or warning signs.

20. At all times material hereto, Defendant, INTERCONTINENTAL, owed the aforesaid duties to Plaintiff, MORALES, a business invitee.

21. At all times material hereto, Defendant, INTERCONTINENTAL, by and through its employees, agents, and/or representatives, breached the aforesaid duties by creating and/or allowing a dangerous condition, a defective and unmaintained trap door on the recycling chute, to remain on its premises for an unreasonable period of time, with no markings or warnings.

22. At all times material hereto, Defendant, INTERCONTINENTAL, by and through their employees, agents, and/or representatives, breached the aforesaid duties by failing to place any markings and/or warnings to warn invitees, including Plaintiff, of the aforesaid dangerous condition.

23. As a direct and proximate result of Defendant, INTERCONTINENTAL's negligent acts and omissions, Plaintiff, MORALES, was injured when the trap door of the recycling chute slid open and fell on him.

24. As a direct and proximate result of Defendant, INTERCONTINENTAL's negligence, Plaintiff, MORALES, suffered serious injuries and losses, including but not limited to permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, activation, aggravation and/or acceleration of pre-existing injury, loss of wages, and loss of the ability to earn money in the future. These losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, JAIME MORALES, demands judgment against the Defendant, SIX CONTINENTS HOTELS, INC., d/b/a INTERCONTINENTAL MIAMI for damages, costs

of this action, and any further equitable and legal relief as this Court may deem appropriate, and demands a trial by jury on all issues so triable.

### DEMAND FOR JURY TRIAL

The Plaintiff, JAIME MORALES, in the above-styled action, hereby demands a trial by jury on all of the issues so triable.

DATED at Miami Dade County, Florida this __12th__ day of February, 2019.

           **GOLDBERG & ROSEN, P.A.**
           Counsel for Plaintiff
           1111 Brickell Avenue-Suite 2180
           Miami, Florida 33131
           Tel:(305) 374-4200 / Fax:(305) 374-8024

           *s/ Kent Burlington*
BY_____
           Judd G. Rosen, Esq., Fla. Bar No. 0458953
           Kent Burlington, Esq., Fla. Bar No.: 1010373
           Primary E-mail:  pleadings@goldbergandrosen.com
           Secondary E-mails: jgrsecy@goldbergandrosen.com
           kent@goldbergandrosen.com;
           judd@goldbergandrosen.com

Filing # 84802349 E-Filed 02/12/2019 02:43:09 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JAIME MORALES, an individual,

GENERAL JURISDICTION DIVISION

Plaintiff,

CASE NO.: 19-004590 CA 25

vs.

SIX CONTINENTS HOTELS, INC.
d/b/a INTERCONTINENTAL MIAMI,
a Foreign Profit Corporation,

Defendant.

_____/

**PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION TO DEFENDANT,
SIX CONTINENTS HOTELS, INC. D/B/A INTERCONTINENTAL MIAMI**

COMES NOW, the Plaintiff, JAIME MORALES, by and through the undersigned counsel, and hereby requests Defendant, SIX CONTINENTS HOTELS, INC., d/b/a INTERCONTINENTAL MIAMI, a Foreign Profit Corporation (hereinafter "INTERCONTINENTAL"), to produce and permit the inspection and copying of the following documents within forty-five (45) days pursuant to the Florida Rules of Civil Procedure.

1. All photographs, negatives, sketches, video tapes or other reproductions depicting the alleged scene of the incident and/or surrounding area.

2. All photographs or video tapes of the Plaintiff.

3. All written reports created by any party or other individual relating in any way to the incident described in Plaintiff's Complaint.

4. All architectural plans, designs, drawings and other graphic representation of the incident scene design and/or layout and/or construction.

5. All written and/or recorded statements of the Plaintiff, Defendant's employees, and/or witnesses or any other individual relating in any way to the fall described in Plaintiff's Complaint.

6. A list of all Defendant's employees present at the subject premises on the day before and the day of the incident described in Plaintiff's Complaint.

7. A list of all similar incidents at the subject premises on October 11, 2016, and for the previous 36 months (3 years) and identify by name, address, and phone number the person who was injured at the Defendant's premises.

8. Any written materials related to the care and upkeep of the recycling chute on the facility.

9. Any manual, handbook, policy, procedure, or other written document that in any way relates to the Defendant's maintenance and/or monitoring of the recycling chute on Defendant's premises.

10. Any and all insurance policies, including declaration sheets, issued or owned by the Defendant, which were or purport to have been in effect at the time of the incident complained of in Plaintiff's complaint.

11. Any and all photographs and/or negatives that the Defendant intends to use or introduce at trial in this cause.

12. Any and all tangible items or materials that the Defendant intends to use or introduce at trial in this cause.

13. All surveillance footage depicting Plaintiff or the area of Plaintiff's incident on October 11, 2016 as described in Plaintiff's Complaint.

14. Any logs, sheets, documents or other material indicating any routine inspections or monitoring or maintenance and/or repairs of the recycling chute on Defendant's premises where Plaintiff's incident occurred as described in the Complaint on the date of the subject incident.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served with the lawsuit in this matter upon the defendant, INTERCONTINENTAL.

**GOLDBERG & ROSEN, P.A.**
*Attorneys for Plaintiff*
1111 Brickell Avenue, Suite 2180
Miami, Florida 33131
Tel: (305) 374-4200 / Fax: (305) 374-8024

*/s Kent Burlington*

By: _____
Judd G. Rosen, Esq., Fla Bar No. 0458953
Kent Burlington, Esq., Fla. Bar No. 1010373
Primary: pleadings@goldbergandrosen.com
Secondary: jgrsecy@goldbergandrosen.com
kent@goldbergandrosen.com

Filing # 84802349 E-Filed 02/12/2019 02:43:09 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JAIME MORALES, an individual,

      Plaintiff,

vs.

SIX CONTINENTS HOTELS, INC.
d/b/a INTERCONTINENTAL MIAMI,
a Foreign Profit Corporation,

      Defendant.

_____/

GENERAL JURISDICTION DIVISION

CASE NO.: 19-004590 CA 25

### PLAINTIFF'S NOTICE OF SERVICE OF
### <u>INITIAL INTERROGATORIES TO DEFENDANT, SIX CONTINENTS HOTELS, INC.</u>
### <u>D/B/A INTERCONTINENTAL MIAMI</u>

      **COMES NOW**, the Plaintiff, JAIME MORALES, by and through the undersigned counsel, and hereby propounds the attached set of Initial Interrogatories to Defendant, SIX CONTINENTS HOTELS, INC., d/b/a INTERCONTINENTAL MIAMI, a Foreign Profit Corporation (hereinafter "INTERCONTINENTAL") to be answered in writing, under oath, or objected to within forty-five (45) days, pursuant to the applicable Florida Rules of Civil Procedure.

### <u>CERTIFICATE OF SERVICE</u>

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served with the lawsuit in this matter upon the Defendant, INTERCONTINENTAL.

        **GOLDBERG & ROSEN, P.A.**
        *Attorneys for Plaintiff*
        1111 Brickell Avenue, Suite 2180
        Miami, Florida 33131
        Tel: (305) 374-4200 / Fax: (305) 374-8024

        */s Kent Burlington*

By:    _____
        Judd G. Rosen, Esq., Fla Bar No. 0458953
        Kent Burlington, Esq., Fla. Bar No. 1010373
        Primary: pleadings@goldbergandrosen.com
        Secondary: jgrsecy@goldbergandrosen.com
                  kent@goldbergandrosen.com

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT, INTERCONTINENTAL

**Definitions:**     **The term "subject premises" or "subject location" shall refer to the InterContinental Miami hotel located at: 100 Chopin Plaza, Miami, FL 33131 where the subject incident occurred.**

1.     What is the name and address of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.     Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

3.     Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

4.     Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5.      State the facts upon which you rely for each affirmative defense in your answer.

6.      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of you contention.

7.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

8.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

9.    State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

10.   Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

11.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

12.     List the names and addresses of all employees, agents, or independent contractors of the Defendant at their subject location who were responsible for organizing, arranging, monitoring, cleaning, and/or maintaining the recycling chute at the subject premises where the Plaintiff's incident occurred as described in Plaintiff's Complaint on or about October 11, 2016.

13.     Please indicate whether or not any markings or warning signs were placed in the area in which the Plaintiff's incident occurred.  If so, please describe the markings or signs in detail, and list their location as well as their proximity to where the Plaintiff's incident occurred on or about October 11, 2016, as described in the Plaintiff's Complaint.

14.   Please state the title of any manual or other such document that discusses the policy and procedures to be followed by the Defendant and its employees, agents, or independent contractors when, monitoring, cleaning and/or maintaining the recycling chute which fell on Plaintiff at the subject premises for October 11, 2016. In addition, please list the names and addresses of the person or entity that currently possesses said manual or other such document.

15.   Please state whether or not any claims have been made against the Defendant as a result of any persons being injured by the recycling chute at the subject premises for the three (3) years prior to October 11, 2016. If so, please state the following:

   A.   A brief description of the incident.

   B.   The names and addresses of the persons who were involved

   C.   The dates of the incident

   D.   Description of how the claim was resolved. If a lawsuit was filed, please state the name of the Plaintiff, the case number, and the county in which the suit was filed.

16.     Regarding your investigation of the subject incident, please state the following:

   A. The names of all persons who investigated the cause and circumstances of
      the occurrence for you or your insurance carrier.

   B. The names of all persons who investigated Plaintiff's alleged injuries and damages for
      you or your insurance carrier.

   C. The names of all persons who have given you signed statements concerning the
      incident.

   D. The names and addresses of any persons who prepared any reports regarding the
      Plaintiff's incident, which were made in the ordinary course of business.

17.     Describe in detail the procedures employed for the staff of the Defendant at the subject
        location to make sure that the recycling chute was free from all defects, objects, and/or
        conditions rendering it unsafe.

18.     Please list the names and addresses of all Employees, Managers, Security Personnel,
        Janitorial and Custodial Workers, and Independent Contractors who were present at the
        subject location on October 11, 2016.

_____

AFFIANT

STATE OF _____:

                             : SS

COUNTY OF _____:

       **BEFORE    ME,**    the    undersigned    authority,    personally    appeared, _____, who is personally known to me to be the person described and/or produced _____ as identification and who executed the foregoing instrument and before me acknowledged his/her execution of same.

       **WITNESS** my hand and official seal in the County and State last aforesaid, this ____ day of _____, _____.

_____

NOTARY PUBLIC

My Commission Expires:

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2019-004590-CA-01

JAIME MORALES, and individual,

        Plaintiff,

vs.

SIX CONTINENTS HOTELS, INC.
d/b/a INTERCONTINENTAL MIAMI,
a Foreign Profit Corporation,

        Defendant.

_____/

## SPARTAN/NEW HAMPSHIRE INS. CO.'S NOTICE OF WORKERS' COMPENSATION LIEN & E-MAIL DESIGNATION

Notice is hereby given that SPARTAN and NEW HAMPSHIRE INS. CO., by and through their undersigned counsel, claim a lien against the proceeds of any recovery by the Plaintiff herein, JAIME MORALES, and/or his dependents, heirs, successors, administrators, representatives and assigns.

Said lien arises out of the provisions of §440.39(1), Fla. Stat., *et seq.*, on account of workers' compensation medical and indemnity benefits paid to and on behalf of Plaintiff totaling FORTY-SIX THOUSAND, SIX HUNDRED TWENTY-SEVEN DOLLARS and FOURTEEN CENTS ($46,627.47). Said amount continues to accrue from day to day.

This notice is filed solely for the purpose of compliance with §440.39(3)(a), Fla. Stat.

### NOTICE OF DESIGNATION OF E-MAIL ADDRESSES FOR SERVICE

Pursuant to Fla. R. Jud. Admin. 2.516(1)(A) and Fla. R. Civ. P. 1.080, the following e-mail addresses are hereby designated for service of pleadings and other papers:

    (1)     jbirmingham@fulmerleroy.com

    (2)     ssawtell@fulmerleroy.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document has been furnished via the E-Filing Portal

to:   **Kent James Burlington, Esquire**    , pleadings@goldbergandrosen.com,

kent@goldbergandrosen.com and **Judd G. Rosen, Esquire**, pleadings@goldbergandrosen.com,

jgsecy@goldbergandrosen.com on this 13th day of March, 2019.

 

**JAMES B. BIRMINGHAM, ESQUIRE**
Fulmer, LeRoy & Albee, PLLC
910 North Ferncreek Avenue
Orlando, Florida 32803
Fla. Bar No. 0906621
(407) 264-7070 / (407) 264-7072
jbirmingham@fulmerleroy.com
ssawtell@fulmerleroy.com

Page No.    2
Case No.    2019-004590-CA-01
Case Style    Morales v. Six Continents Hotels, Inc. d/b/a Intercontinental Miami
Pleading    Notice of Workers' Compensation Lien and E-mail Designation