IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-21213-RNS

JAIME MORALES,
an individual,

    Plaintiff,
vs.

IHG MANAGEMENT (MARYLAND), LLC,
a Foreign Limited Liability Company, and,
TAURUS CHUTES, INC., a Florida Profit Corporation,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, JAIME MORALES (hereinafter referred to as "MORALES"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15(a)(2), hereby files this Amended Complaint against Defendant, IHG MANAGEMENT (MARYLAND), LLC (hereinafter referred to as "IHG"), and TAURUS CHUTES, INC. (hereinafter referred to as "TAURUS CHUTES"), and alleges the following:

1. This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00).

2. At all times material hereto, Plaintiff, MORALES, was and is a resident of Miami-Dade County, Florida.

3. At all times material hereto, Defendant, IHG, was and is a Foreign Limited Liability with its principal address at Three Ravinia Drive, Suite 100, Atlanta, GA 30346. At all times material hereto, IHG was authorized to do business, and doing business in Miami-Dade County, Florida, and engaged in substantial and not isolated activity within this state.

4. At all times material hereto, Defendant, TAURUS CHUTES, was and is a Florida Profit Corporation duly authorized to do business and doing business in Miami-Dade County, Florida. TAURUS CHUTES maintains a principal address at 639 W. Oakland Park Blvd, D104, Fort Lauderdale, Florida 33311.

5. The tortious events giving rise to this action occurred in Miami-Dade County, Florida.

6. At all times material hereto, Defendant, IHG, owned, operated, managed and maintained a hotel, "InterContinental Miami" located at 100 Chopin Plaza, Miami, FL 33131.

7. On October 11, 2016, Plaintiff, MORALES, was a business invitee at Defendant's hotel premises at the above stated location.

8. At said place and time, Plaintiff was on the Intercontinental Hotel premises performing recycling duties.

9. While performing his recycling duties at Defendant's hotel premises, a defective, improperly installed, and/or unmaintained trap door on the recycling chute fell onto the Plaintiff causing serious and permanent injuries necessitating surgery.

10. The above-described defective, improperly installed, and/or unmaintained trap door constituted a dangerous condition on Defendant's premises, of which Defendant knew or should have known through the exercise of ordinary, reasonable care.

11. Defendant, TAURUS CHUTES, negligently installed, repaired, and/or maintained the subject recycling chute door before the subject incident.

12. At all times material hereto, and at the time of Plaintiff's incident, the aforesaid dangerous condition was unmarked, without any warnings or signs. Plaintiff did not have notice of said condition.

13. As a direct result of the trap door falling on him, Plaintiff sustained serious and permanent bodily injuries.

## COUNT I – NEGLIGENCE AGAINST IHG

Plaintiff realleges and readopts paragraphs one (1) through thirteen (13) as if fully set forth herein.

14. At all times material hereto, Plaintiff was a business invitee lawfully on the premises owned, operated, managed and maintained by Defendant, IHG.

15. At all times material hereto, Defendant, IHG, had a duty to maintain its premises in a reasonably safe condition, so as to not expose invitees to an unreasonable risk of physical harm.

16. At all times material hereto, Defendant, IHG, had a duty to exercise reasonable care in maintaining its premises in a reasonably safe condition, including performing routine inspections of its premises to detect and make safe dangerous conditions and hazards.

17. At all times material hereto, Defendant, IHG, had a duty to exercise reasonable care and diligence to conduct operations on the subject premises in a reasonably safe manner, so as not to expose invitees to an unreasonable risk of physical harm.

18. At all times material hereto, Defendant, IHG, had a duty to provide competent and adequate staffing throughout its premises to maintain the premises in a reasonably safe condition free of foreseeable dangers and hazards, including a defective, unmaintained trap door of the recycling chute.

19. At all times material hereto, Defendant, IHG, had a duty to take reasonable steps to detect and make safe any nonobvious, dangerous conditions and hazards, including a defective and unmaintained trap door of the recycling chute.

20. At all times material hereto, Defendant, IHG, had a duty to implement adequate policies and procedures for detecting and making safe dangerous conditions and hazards, including the dangerous, defective and unmaintained trap door of the recycling chute.

21. At all times material hereto, Defendant, IHG, had a duty to warn invitees, including Plaintiff, of nonobvious dangerous conditions and hazards on its premises, such as by placing adequate markings and/or warning signs.

22. At all times material hereto, Defendant, IHG, owed the aforesaid duties to Plaintiff, MORALES, a business invitee.

23. At all times material hereto, Defendant, IHG, by and through its employees, agents, and/or representatives, breached the aforesaid duties by creating and/or allowing a dangerous condition, a defective and unmaintained trap door on the recycling chute, to remain on its premises for an unreasonable period of time, with no markings or warnings.

24. At all times material hereto, Defendant, IHG, by and through their employees, agents, and/or representatives, breached the aforesaid duties by failing to place any markings and/or warnings to warn invitees, including Plaintiff, of the aforesaid dangerous condition.

25. As a direct and proximate result of Defendant, IHG's negligent acts and omissions, Plaintiff, MORALES, was injured when the trap door of the recycling chute slid open and fell on him.

26. As a direct and proximate result of Defendant, IHG's negligence, Plaintiff, MORALES, suffered serious injuries and losses, including but not limited to permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, activation, aggravation and/or acceleration of pre-existing injury, loss of wages, and loss of the ability to earn

money in the future. These losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, JAIME MORALES, demands judgment against the Defendant, IHG MANAGEMENT (MARYLAND), LLC, for damages, costs of this action, and any further equitable and legal relief as this Court may deem appropriate, and demands a trial by jury on all issues so triable.

## COUNT II – NEGLIGENCE AGAINST TAURUS CHUTES

Plaintiff re-alleges and readopts paragraphs one (1) through thirteen (13) as if fully set forth herein.

27. Defendant, TAURUS CHUTES, installed and/or repaired the subject recycling chute trap door prior to the subject incident.

28. At all times material hereto, Defendant, TAURUS CHUTES, had to duty to exercise reasonable care and diligence in the installation and/or repair of the subject recycling chute trap door.

29. At all times material hereto, Defendant, TAURUS CHUTES, had a duty to exercise reasonable care to ensure that the trap door was safe for ordinary use and to warn of any foreseeable dangers or hazards associated with the trap door after installing and/or repairing the trap door.

30. At all times material hereto, Defendant, TAURUS CHUTES, owed the aforesaid duties to Plaintiff, MORALES.

31. At all times material hereto, Defendant, TAURUS CHUTES, by and through its employees, agents, and/or representatives, breached the aforesaid duties by improperly or carelessly installing the recycling chute door; improperly or carelessly repairing the recycling chute door; negligently maintaining the chute; failing to properly and adequately inspect the

recycling chute door, and/or creating a dangerous recycling chute door and failing to warn of any foreseeable dangers or hazards associated with the recycling chute door.

32. As a direct and proximate result of Defendant, TAURUS CHUTES' negligent acts and omissions, Plaintiff, MORALES, was injured when the trap door of the recycling chute slid open and fell on him.

33. As a direct and proximate result of Defendant, TAURUS CHUTES' negligence, Plaintiff, MORALES, suffered serious injuries and losses, including but not limited to permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, activation, aggravation and/or acceleration of pre-existing injury, loss of wages, and loss of the ability to earn money in the future. These losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, JAIME MORALES, demands judgment against the Defendant, TAURUS CHUTES, INC., for damages, costs of this action, and any further equitable and legal relief as this Court may deem appropriate, and demands a trial by jury on all issues so triable.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, JAIME MORALES, in the above-styled action, hereby demands a trial by jury on all of the issues so triable.

DATED at Miami Dade County, Florida this __25th__ day of October, 2019.

**GOLDBERG & ROSEN, P.A.**
Counsel for Plaintiff
1111 Brickell Avenue-Suite 2180
Miami, Florida 33131
Tel:(305) 374-4200 / Fax:(305) 374-8024

*s/ Kent Burlington*
BY_____
Judd G. Rosen, Esq., Fla. Bar No. 0458953
Kent Burlington, Esq., Fla. Bar No.: 1010373
Primary E-mail: pleadings@goldbergandrosen.com
Secondary E-mails: jgrsecy@goldbergandrosen.com
kent@goldbergandrosen.com;
judd@goldbergandrosen.com